**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**MARQUITA M.**[1],

                     **Plaintiff,**

**v.**

                                                             **20-CV-229-HKS**

**COMMISSIONER OF SOCIAL SECURITY,**

                     **Defendant.**

_____

## DECISION AND ORDER

        Plaintiff, Marquita M., brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of Acting Commissioner of Social Security (the "Commissioner"), which denied her application for social security income ("SSI") under Title XVI of the Act. Dkt. No. 1. This Court has jurisdiction over this action under 42 U.S.C. § 405(g) and the parties have consented to the disposition of this case by the undersigned pursuant to 28 U.S.C. § 636(c). Dkt. No. 21.

        Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Dkt. Nos. 15, 19. For the reasons that follow, Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 15) is GRANTED, and Defendant's Motion for Judgment on the Pleadings (Dkt. No. 19) is DENIED.

---

[1] **In accordance with Standing Order in November 2020, to better protect personal and medical information of non-governmental parties, this Decision and Order will identify plaintiff by first name and last initial.**

**BACKGROUND**

On August 6, 2013, Plaintiff protectively filed an application SSI with the Social Security Administration ("SSA") alleging disability beginning on February 15, 1982, due to: anxiety, panic attack disorder, and bipolar disorder. Tr.[2] 174-181, 182-188[3], 211. On November 1, 2013, Plaintiff's claims were denied by the SSA and she requested review. Tr. 83-105. On October 29, 2015 and February 24, 2016, Plaintiff appeared with her attorney and testified, along with a vocational expert ("VE") before Administrative Law Judge, Timothy McGuan ("ALJ McGuan"). Tr. 40-66. On March 2, 2016, ALJ McGuan issued a decision finding Plaintiff was not disabled within the meaning of the Act. Tr. 20-39. Plaintiff timely requested review of ALJ McGuan's decision, which the Appeals Council denied on March 20, 2017. Tr. 1-7. On May 18, 2017, Plaintiff commenced a prior action, Civil Action No: 1:17-cv-00432, in this Court seeking review of the Commissioner's decision. On February 21, 2018, based on the stipulation signed by the parties on February 13, 2018, this Court reversed the final decision of the Commissioner and remanded the case back to the Commissioner for further proceedings. Tr. 1177-1178.

On remand, on August 21, 2019, Plaintiff appeared with her attorney and testified, along with a VE, before ALJ William Weir ("the ALJ"). Tr. 1047-1107. On October 24, 2019, the ALJ issued a decision finding Plaintiff was not disabled within the meaning of the Act from August 6, 2013 through October 24, 2019. Tr. 1024-1046.

---

[2] References to "Tr." are to the administrative record in this matter. Dkt. Nos.12-13.
[3] Plaintiff also filed an application for child insurance benefits for herself under Title II of the Act, but later withdrew the application.

2

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

### II. Disability Determination

An ALJ must follow a five-step process to determine whether an individual is disabled under the Act. *See Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful

work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to demonstrate that the claimant "retains a residual functional capacity to perform the alternative substantial gainful work which

exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I.    The ALJ's Decision

The ALJ's decision analyzed Plaintiff's claim for benefits under the process described above.  At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since August 27, 2013, the application date.  Tr. 1030.  At step two, the ALJ found Plaintiff has the following severe impairments:  obesity; status-post achilles tendon tear; anxiety disorder, unspecified; and depressive disorder, unspecified.  *Id.*  At step three, the ALJ concluded that Plaintiff's impairments, alone or in combination, did not meet or medically equal any listings impairment.  Tr. 1030-1031.

Next, the ALJ determined Plaintiff retained the RFC to perform a limited range of light work.[4]  Tr. 1031-1036.  Specifically, Plaintiff can only occasionally climb ramps and stairs, but never ladders, ropes, or scaffolds.  Tr. 1031.  Plaintiff can perform simple repetitive one and two step tasks, but never complex work, defined as work involving multiple simultaneous goals or objectives or the need to independently set quality,

---

[4] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.  20 C.F.R § 404.1567(b).

quantity, or method standards.  *Id.*  Lastly, the ALJ concluded Plaintiff can tolerate occasional contact with co-workers and supervisors, but no contact with the public.  *Id.*

At step four, the ALJ concluded Plaintiff is unable to perform her past relevant work as a collections clerk.  Tr. 1036.  At step five, the ALJ considered Plaintiff's age (31 on alleged disability date), education, work experience, RFC, and relied on the VE's testimony in concluding that there are jobs existing in significant numbers in the national economy that Plaintiff can perform.  Tr. 1036-1037.  The ALJ identified the following jobs that Plaintiff could perform: routing clerk and office helper.  Tr. 1037.  Accordingly, the ALJ determined that Plaintiff was not disabled under the Act from August 6, 2013 through October 24, 2019.  Tr. 1038.

II.   **Analysis**

Plaintiff presents three arguments in support of her request that this matter be remanded to the Commissioner a second time, for further proceedings:  (1) the ALJ erred assessing the physical RFC without evaluating any medical opinion evidence; (2) the ALJ erred in evaluating the medical opinion evidence in support of the mental RFC; and (3) the ALJ failed to address Plaintiff's ability to deal with stress, which the Appeals Council concluded was an error of the previous decision authored by ALJ McGuan. Dkt. No. 15 at 25-26.  Because this Court finds that remand is warranted because the ALJ failed to obtain a medical opinion regarding Plaintiff's residual functional capacity in consideration of her obesity and status-post Achilles tendon repair, Plaintiff's remaining

two arguments are not addressed in this decision, however, the ALJ should consider them on remand.

The parties agree that the record is void of medical opinion evidence regarding Plaintiff's ability to physically function given her severe physical impairments including obesity and status-post Achilles tendon tear. The ALJ determined Plaintiff retained the RFC to perform a limited range of light work, with the exception of only occasional climbing of ramps and stairs, but never ladders, ropes, or scaffolds. Tr.1031. In support of the physical RFC assessment, the ALJ discussed Plaintiff's testimony regarding her Achilles tendon and obesity:

> "The claimant further testified she had a ruptured Achilles tendon in 2017, but had complaints about ankle issues previously. She has had ankle sprains since she was young. Her Achilles was repaired on May 2, 2017 but she still had issues. Dr. Bansal is treating her with regard to her Achille's tendon. She alleged some days she could not walk at all. She was told it was because she was overweight. She felt doctors were not listening to her about her complaints. She was just given pain medication. She had a gastric sleeve in May 2018 and was able to lose weight but it did not improve issues with her ankles. She testified physical problems that prevent her from working include leg and back issues. She is not able to sit or stand for too long. She was told to lose weight to improve her physical limitations, which she did but it did not decrease her symptoms. She does stretching exercises through pain management. She decided not to take pain medication but she does take psychiatric medication. She is looking for a place to go for PT so she can get an MRI. After Achilles surgery, the claimant alleged she could not drive so she missed two appointments, which caused her not to be able to go back. She had [a] Medicaid cab, which did not pick her up on two different occasions. She said she was told she had to pay $50, which she could not afford."

Tr.1033.

The ALJ also discussed Plaintiff's medical records, including an examination with Dr. Vazquez on January 7, 2016, where Plaintiff reported complaints of back pain, which she alleged had been ongoing for five years. Plaintiff also reported that she had a full work-up for back pain, but there were no records in support of her contention. Tr. 1035. Dr. Vazquez gave her a referral to pain management, but Plaintiff did not schedule any appointment. *Id.*

Additionally, the ALJ discussed treatment records from WNY Knee and Orthopedic Surgery. Tr. 1035. On May 26, 2017, Plaintiff was observed two weeks status-post right Achilles repair. *Id.* The provider noted that despite previous directions to wear a boot at all times and progress with weight-bearing, Plaintiff appeared without the boot and was wearing regular footwear. *Id.* Plaintiff claimed the boot made her pain worse, but did not contact her provider to inform them. *Id.* Plaintiff was warned that without the boot, she is at significant risk of rupture of the repair. *Id.* The ALJ noted that Dr. Parentis had stated Plaintiff was "clearly completely noncompliant." *Id.* Lastly, the ALJ observed that Plaintiff was again observed to be non-compliant during a subsequent follow-up exam on June 9, 2017. *Id.*

In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F.App'x 53, 56 (2d Cir. 2013). An ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in his decision." *Id.* However, an ALJ is not a medical professional, and "is not qualified to

assess a claimant's RFC on the basis of bare medical findings." *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 586 (W.D.N.Y. 2018) (internal citation and quotation marks omitted). As a result, "an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Dennis v. Colvin*, 195 F.Supp. 3d 469, 474 (W.D.N.Y. 2016) (quotation and citation omitted).

Where "the record contains sufficient evidence from which an ALJ can assess [a claimant's] residual functional capacity," the absence of treating source opinions will not require remand. *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013) (summary order). In *Tankisi*, the Second Circuit found that it was not *per se* error for the ALJ to make a disability determination without having sought the opinion of the claimant's treating physician. *Tankisi*, 521 F. App'x at 33-34. The Second Circuit followed an "approach that focuses on circumstances of the particular case, the comprehensiveness of the administrative record, and, at core, whether an ALJ could reach an informed decision based on the record[.]" *Sanchez v. Colvin*, 2015 WL 736102, at *5 (S.D.N.Y. Feb. 20, 2015) (citing *Tankisi,* 521 F.App's at 33-34).

The Commissioner contends that the record in this matter contained sufficient evidence, in the form of medical evidence and Plaintiff's own testimony, from which the ALJ assessed the physical RFC. Dkt. No. 19 at 5 (citing *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017)). In *Monroe* and *Tankisi*, however, there was at least a useful assessment of the claimants' functional capabilities from a medical source from which the ALJ could assess limitations, although the ALJ did not accord

9

any opinion controlling weight.  *See Monroe*, 676 F.App'x at 8-9; *Tankisi,* 521 F.App's at 33-34.  This is not a matter of an ALJ simply assessing medical opinion evidence and declining to afford controlling weight to any single opinion; here there was not a single medical opinion regarding Plaintiff's physical functional capabilities.  *See, Dennis,* 195 F.Supp. 3d at 474.

Administrative records may be sufficiently complete without opinions from a claimant's treating sources where the treatment notes offer insights as to how the claimant's impairments affect her ability to function.  *See Keovilay v. Berryhill,* 2020 WL 2989567, at *4-5 (D.Conn. July 15, 2020) (acknowledging that administrative records can be complete without treating source opinions when the records include the physician's notes regarding a claimant's residual functional capacity).  This is simply not the case in this matter.  As observed by the ALJ, Plaintiff's providers at WNY Knee and Orthopedic Surgery primarily focused on the fact that she was non-compliant with post-surgery instructions during follow-up examinations after her Achilles surgery.  Furthermore, although the ALJ noted Plaintiff's testimony that she underwent gastric sleeve surgery to reduce her weight, as recommended by her physicians, the ALJ does not reference any observations from medical providers regarding Plaintiff's functional capabilities.

Because there is not sufficient medical evidence supporting the ALJ's RFC determination that Plaintiff could perform light work with limitations, the ALJ was obligated to develop the record, as directed by the Appeals Council, and obtain a

functional capacity assessment from a medical provider.  *See Marshall v. Colvin*, 2013 WL 5878112, at *9 (W.D.N.Y. Oct. 30, 2013) ("Where a treating physician has not assessed a claimant's RFC, the ALJ's duty to develop the record requires that he *sua sponte* request the treating physician's assessment of the claimant's functional capacity." (first citing *Myers v. Astrue*, 2009 WL 2162541 (N.D.N.Y. July 17, 2009); and then citing *Felder v. Astrue*, 2012 WL 3993594 (E.D.N.Y. Sept. 11, 2012))); *Aceto v. Comm'r of Soc. Sec.*, 2012 WL 5876640, at *16 (N.D.N.Y. Nov. 20, 2012) ("Since the ALJ had nothing more than treatment records and consultative reports to review, he had an affirmative duty to develop the record and request that Plaintiff's treating physicians assess her RFC.").  Here, again, this Court notes that there is no opinion evidence from a medical source, treating or consultative examiner.  Accordingly, on remand, the ALJ is directed to contact Plaintiff's treating source, order a consultative examination, or have a medical expert testify at the hearing regarding Plaintiff's physical functional capabilities given her obesity and status-post Achilles tendon tear, which the ALJ determined constituted severe impairments.

## CONCLUSION

For these reasons, Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 15) is GRANTED.

The Commissioner's Motion for Judgment on the Pleadings (Dkt. No. 19) is DENIED.

The Clerk of Court shall enter judgment and close this case.

**SO ORDERED.**

DATED:   Buffalo, New York
         September 30, 2021

　　　　　　　　　　　　　　　　　　　　　*s/ H. Kenneth Schroeder, Jr.*
　　　　　　　　　　　　　　　　　　　　**H. KENNETH SCHROEDER, JR.**
　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**